### COMMONWEALTH *vs.* JOHN SILK.

On an indictment for an assault, the person assaulted testified that he had a difficulty and a fight with the defendant some three weeks before the assault alleged. *Held*, that the refusal of the judge to allow the defendant, on cross-examination, to inquire into the grounds of this difficulty and circumstances of this fight was not a ground of exception.

INDICTMENT for an assault on William A. Haines, with intent to kill.

At the trial in the Superior Court in Suffolk, before *Bacon,* J., Haines testified that he was assaulted on November 26 by the defendant, with a knife, without any provocation given, or words between them; and " that there had been a previous difficulty of a few weeks' standing." On cross-examination, the defendant asked if the difficulty was not that the witness accused the defendant of having stolen $25 from him? The Commonwealth objected to the question, and the judge did not allow it to be put. The defendant then asked the witness if he had not made the accusation before stated at divers times, and frequently but a short time before November 26. This was also excluded. The defendant then asked if the witness had not assaulted and beaten him some three weeks before. The witness answered that they had a fight, but he could not say which struck first. The defendant then sought to examine the witness further as to his assaulting the defendant, but the judge refused to allow it. The defendant contended that he acted in self-defence, and that the evidence excluded was competent, " especially as bearing upon the subjects of bias, malice, intent, motive, kind and degree of force used by the defendant in self-defence, and the arming with and the use of the knife by the defendant in defence."

The defendant called one Mahoney as a witness, and offered to show by him that Haines, in the first fight referred to, was the assailant, and contended that the evidence was competent on the grounds above stated. But the judge excluded it.

The jury returned a verdict of guilty of assault without intent to kill, and the defendant alleged exceptions.

*C. H. Hudson,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

MORTON, J. In the cross-examination of witnesses, great latitude is ordinarily allowed, to test their accuracy and credibility. But the extent to which cross-examination upon collateral matters shall be pursued is a matter within the discretion of the presiding judge. The previous difficulty between the witness Haines and the defendant was a collateral matter which the court was not required to try, and the limitation of the cross-examination of Haines, and the rejection of the testimony of Mahoney as to such difficulty, were within the discretion of the presiding judge, and not the subject of exception. *Exceptions overruled.*